FFA:LDM:KRH
F.#2012V00061

FILED
CLERK
2012 JUN -5 AM 10: 39
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

NO SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

                  Plaintiff,

   - against -

APPROXIMATELY ONE HUNDRED SIXTY-SIX THOUSAND
ONE HUNDRED SIXTY-FOUR DOLLARS AND SIXTY-TWO
CENTS ($166,164.62) FORMERLY ON DEPOSIT WITH BANK
OF AMERICA IN ACCOUNT NUMBERS 0940468304 AND
0350401514, HELD IN THE NAME OF RAFAEL MARQUEZ,
AND ALL PROCEEDS TRACEABLE THERETO;

APPROXIMATELY THIRTY-TWO DOLLARS AND FORTY-
FOUR CENTS ($32.44) FORMERLY ON DEPOSIT WITH
CITIBANK IN ACCOUNT NUMBER 202891677 HELD IN THE
NAME OF FOX CORPORATION AND/OR BRIAN LINARES,
AND ALL PROCEEDS TRACEABLE THERETO,

                  Defendants in Rem

VERIFIED COMPLAINT
IN REM
Civil Action No.

CV 12-2801

JOHNSON, J

AZRACK, M.J.

------------------------------------------------------------X

## INTRODUCTION

        Plaintiff, the United States of America, by its attorneys, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, and Karen R. Hennigan, Special Assistant United States Attorney, alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil action in rem to forfeit and condemn to the use of the United States the above-captioned defendant funds, in accordance with 21 U.S.C. § 881(a)(6), as moneys

furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act, to wit, 21 U.S.C. §§ 841 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395, in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## THE DEFENDANTS IN REM

4. The defendant funds consist of approximately $166,197.06, more or less, in United States currency formerly on deposit with Bank of America in account number 0940468304 held in the name of Rafael Marquez ("the First BOA Account"), with Bank of America in account number 0350401514 held in the name of Rafael Marquez ("the Second BOA Account"), and with Citibank in account number 202891677 held in the name of Fox Corporation and/or Brian Linares ("the Citibank Account"), (collectively, the "the Subject Accounts"). Officers of the Asset Forfeiture Unit of the New York City Police Department seized the Defendant Funds on or about March 19, 2009, pursuant to a seizure warrant issued on or about that date, by the Honorable Richard Buchter, Queens County Supreme Court. The funds are currently on deposit in an interest bearing account held by the Queens County District Attorney's Office.

## STATUTORY BACKGROUND

5. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate a violation of the Controlled Substances Act, to wit, 21 U.S.C. §§ 841 et seq., are subject to forfeiture to the United States.

## FACTS

6. Beginning around April 2008, members of the New York City Police Department and Queens County District Attorney's Office began an investigation into narcotics and controlled substance trafficking activities of an organization operating in Queens County, New York (the "Organization").

7. In June 2008, investigating agents obtained an eavesdropping warrant that permitted them to monitor the telephone communications of three individuals involved with the Organization (the "Investigation"). Investigating agents continued the Investigation from June 2008 to March 2009, monitoring hundreds of hours of telephone calls between the subjects of the investigation, conducting surveillance and reviewing bank account records.

8. Over the course of the Investigation, law enforcement agents determined that Robert Pierantoni ("Pierantoni"), together with others, including Brian Linares ("Linares") and Rafael Marquez ("Marquez"), were members of the Organization who engaged in a conspiracy to traffic narcotics between California and the Eastern District of New York (the "conspiracy").

3

9. On regular occasions during the relevant time period between 2008 and 2009, Pierantoni would order various types of narcotics from individuals residing in Los Angeles, California, including Linares.

10. In furtherance of the conspiracy, Pierantoni would pay for the narcotics by depositing money into bank accounts controlled by Linares and/or Marquez but held in the names of third parties or corporate identities.

11. Based upon intercepted telephone conversations, surveillance and other available evidence provided by a confidential witness ("CW"), probable cause exists indicating that the Subject Accounts were established and maintained for the purpose of facilitating the conspiracy.

12. In furtherance of the conspiracy, and on a regular basis, upon receipt of an order for drugs from Pierantoni, Linares would place orders to Rafael Marquez ("Marquez") for the requested quantities and types of narcotics. Linares and others would then deposit money into the Subject Accounts, which were operated by Marquez, in exchange for these narcotics.

13. Marquez and/or Linares opened the Subject Accounts for the sole purpose of exchanging cash for narcotics. Telephone call intercepts indicate that the Subject Accounts were used for this illegal purpose.

14. Neither Linares nor Marquez had any legitimate source of employment during the relevant timeframe, and the Subject Accounts from which the Defendant Funds were seized contained no legitimate deposits.

15. Upon information and belief, the Subject Accounts were involved in narcotics trafficking and no legitimate funds were ever deposited into the Subject Accounts.

16. In furtherance of the conspiracy, Linares routinely shipped the requested quantities and types of narcotics to Pierantoni through the United States Postal Service ("USPS"), sending packages to United Parcel Service ("UPS") stores located in Queens County after addressing the packages to non-existent corporate entities that were created by Pierantoni for the purpose of disguising the illegal contents of the shipments.

17. Upon receipt of the narcotics shipments, Pierantoni would supply these narcotics to customers in Queens County in exchange for cash.

18. Through surveillance, law enforcement observed Linares, together with others, trafficking at least five narcotics shipments using the method outlined above. On or about March 18, 2009, Pierantoni was scheduled to receive a shipment of narcotics containing approximately six hundred (600) grams of cocaine and four (4) pounds of marijuana. Pursuant to a valid search warrant, the package was opened and found to contain drugs. This shipment was destroyed by UPS at a mail facility in Kentucky, when a routine examination of the shipment indicated it contained illegal narcotics.

19. On or about March 18, 2009, Pierantoni and four other individuals involved with the Organization were arrested for sale of narcotics.

20. On or about March 19, 2009, a member of the Asset Forfeiture Unit of the New York Police Department obtained a seizure warrant for bank accounts and safe deposit boxes associated with the Organization (the "Seizure Warrant"). The Defendant Funds were seized from the Subject Accounts pursuant to the Seizure Warrant.

21. Pursuant to the execution of the Search Warrant, and upon information and belief, the Defendant Funds constituted narcotics proceeds and/or property used or intended to be used

in narcotics conspiracy. Accordingly, the Defendant Funds were seized for evidentiary purposes.

22. On July 2, 2009, Pierantoni pleaded guilty to the criminal sale of cocaine to an undercover police officer (PL220.39-1) and was sentenced on July 20, 2009 to two and a half (2.5) years of incarceration and two (2) years of post-release supervision under a negotiated plea agreement.

## CLAIM FOR RELIEF

23. The United States repeats and realleges the allegations contained in paragraphs one (1) through seventeen (15) as if set forth fully herein.

24. The Defendant Funds constitute or are derived from moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act, to wit, 21 U.S.C. §§ 841 et seq.

25. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff requests that a warrant of this Court be issued for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that the Defendant Funds be forfeited and condemned to the use of the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      June    , 2012

LORETTA E. LYNCH
United States Attorney
Attorney for Plaintiff
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By: _____
Karen R. Hennigan
Special Assistant United States Attorney
(718) 254-6254

## VERIFICATION

1. I am a Detective with the New York Police Department, Asset Forfeiture and Removal Squad, and as such, have knowledge of the facts underlying this action.

2. I have read the within verified complaint in rem and know the contents thereof.

3. The matters contained in the within verified complaint in rem are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of Immigration and Customs Enforcement and other federal agencies.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

Dated: ~~March~~ May 30, 2012

_____
RAY PHILLIPS
Detective
Asset Forfeiture and Removal Squad
New York City Police Department

UNITED STATES DISTRICT COURT
Eastern District of New York

Civil Action No. _____ CV

UNITED STATES OF AMERICA

-against-

APPROXIMATELY ONE HUNDRED SIXTY-SIX THOUSAND ONE HUNDRED SIXTY-FOUR DOLLARS AND SIXTY-TWO CENTS ($166,164.62) FORMERLY ON DEPOSIT WITH BANK OF AMERICA IN ACCOUNT NUMBERS 0940468304 AND 0350401514, HELD IN THE NAME OF RAFAEL MARQUEZ, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant

**VERIFIED COMPLAINT IN REM**

Due service of a copy of the within _____ is hereby admitted.

Dated: _____, 20__

Attorney for _____

LORETTA E. LYNCH
United States Attorney,
Attorney for United States of America
Office and Post Office Address
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

_[signature]_
Attorney for U.S.
SAUSA, KAREN R. HENNIGAN (718) 254-6254

---

SIR: _____

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT** U.S. Courthouse 225 Cadman Plaza East, **EASTERN DISTRICT OF NEW YORK**, Brooklyn New York on the ____ day of _____ 20__, at 10:30 o'clock in the forenoon.

Dated: Brooklyn, New York

To: _____

United States Attorney,
Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ____ day of _____ in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York _____, 20__

To: _____

United States Attorney,
Attorney for _____